

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 30, 1974

The Honorable Ralph Prince
Criminal District Attorney
Gregg County
P. O. Box 2403
Longview, Texas 75601

Opinion No. H- 221

Re : Persons other than a licensed
agency who may place a child for
adoption under Article 695c, V. T.
C. S. , as amended, 1973, and Texas
Family Code, Title 2.

Dear Mr. Prince:

Referring to the enactment by the 63rd Legislature of amendments to
Article 695c, V. T. C. S. (Acts 1973, 63rd Leg. , ch. 340, p. 767) and specific
provisions of the newly adopted Title 2 of the Family Code (Acts 1973, 63rd
Leg. , ch. 543, p. 1411), you have requested our opinion as to whether lawyers,
doctors, clergymen and other similar persons, who assist in the placing of
a child for adoption without the participation of a licensed child placing agency,
commit misdemeanors.

Article 695c, V. T. C. S. , the Public Welfare Act of 1941, provides in
Subsection 2 of § 8(a) of that Act:

"(b) Child Placing Facility. Every person . . .
whether operating for profit or without profit, . . .
who shall place any child or children who are under
the age of sixteen (16) years, whether occasionally
or otherwise, away from his own home or relative's
home, shall obtain from the State Department of
Public Welfare a license to operate as a child-placing
agency. . . except that nothing in this Act shall prohibit
a natural parent from placing his own child or prohibit
a grandparent, uncle, aunt, legal guardian, brother
or sister, having attained their majority, from placing
a child under the age of sixteen (16) years in the home

of relatives or in a licensed institution, agency, or facility coming within the purview of this Act.

"(c) Adoption.   Every person. . ., whether operating for profit or without profit, other than a natural parent, who shall place any child or children under the age of sixteen (16) years for adoption, whether occasionally or otherwise, shall obtain a license to operate in child-placing from the State Department of Public Welfare. . . ."

Subsection 1(f) of the same section defines "Child-Placing Activity" as follows:

"Any person who arranges for the placement with a third party of a child not related to him, or aids or abets in such placement, shall be deemed to be engaged in child-placing activity. "

Attorney General Opinion WW-94 (1957), interpreted these provisions together with the prior statute governing adoption, Article 46a, V. T. C. S. It was held that a natural parent could not delegate authority to place a child for adoption except to a licensed child-placing agency, and that a third person attempting to place a child without a license clearly violated the provisions of Article 695c § 8a, Subsection 2(b).

These provisions do not appear to have been judicially construed, but Professor John R. Wilson of the Baylor University Law School faculty, in an article entitled "Observations on Current Texas Adoption Laws and Practices, " 22 Baylor L. Rev. 473, 490 (1970) reached the conclusion that:

"These provisions work an obvious curtailment to the heretofore traditionally accepted function of the lawyer in the practice of adoption.  It is evident from the foregoing that an attorney cannot legally function as a child-placing agent unless:

"(1) he is licensed as such by the Department of Public Welfare.(a more classic example of built-in conflict of interest could hardly be constructed), or

"(2) the child involved is at least 16 years of age, or

"(3) the child is a relative of his, or

"(4) the natural parent or parents identify or otherwise designate the adoptive parents and thus qualify as the placement instrumentality."

The 1973 amendment to Article 695c, supra, made no substantive change in this law except to amend Subsection 12 of § 8a of the Act so as to make it a misdemeanor to conduct a child-placing agency or to place children for adoption without a license.

Your letter requesting our opinion states that Title 2 of the Family Code, supra, "appears to contemplate adoptions arranged without the participation of adoption agencies--or what we have always called 'private adoptions.'" You cite to us §§ 15.05 (b), 15.03 (c)(1), 16.05 (a) and 11.12 to support your conclusion.

Title 2 of the Family Code expressly repealed Article 46a, V. T. C. S, which heretofore governed adoptions. Chapter 15 deals with termination of the parent-child relationship, and Chapter 16 deals with adoption. The distinction of the issues of termination of the parent-child relationship and that of adoption and the provision for separate proceedings for each issue are the major innovations of these chapters of the Family Code. See Family Law Section, State Bar of Texas, Summary and Analysis of Texas Family Code Title 2: Parent and Child, H. B. 73 and S. B. 168, pp. 2-3, 12-14 (n. d., circa 1973).

We perceive no conflict between the new Family Code provisions concerning adoption and the requirement of Article 695c that most child-placing activities be licensed.

Chapter 15 of the Family Code provides for termination of the parent-child relationship if the court finds that termination is in the best interest of the child.  §§ 15. 01, 15. 02(2).  Termination of this relationship is a prerequisite to adoption, § 16. 03(b).  If a termination order is entered as to both parents, or the only living parent, the court is required to appoint a "managing conservator" of the child, § 15. 05(b), whose duties, privileges, rights and powers are essentially parental and are set out in § 14. 02(b).  The managing conservator has "the power to consent to the adoption of the child and to make any other decision concerning the child that a parent could make" where the parent-child relationship has been terminated.  § 14. 02 (b)(8).

Section 15. 03 (c)(1), to which you refer, provides that in a voluntary relinquishment of parental rights, the parent's affidavit may designate "any qualified person, " the State Department of Public Welfare, or any licensed agency as managing conservator.  However, the Court is not bound by the parent's designation of the person or agency.  § 14. 01(c).

Section 15. 03(c)(3) further provides that the affidavit may contain "a consent to the placement of the child for adoption by the State Department of Public Welfare or by an agency authorized by the State Department of Public Welfare to place children for adoption. " By clear implication, this provision limits the parent's voluntary delegation of consent to place a child for adoption to the Department or to an authorized child-placing agency, and restates preexisting law.  Section 16. 05 (a) requires that, if a managing conservator has been appointed, his consent to adoption generally is necessary.  This does not authorize him to act as a child-placing agency except insofar as his rights are set out in § 14. 02(b).

Section 11. 12, which you cite, simply continues the requirement of an investigation in adoptions, as in prior law, Art. 46a, § 2 V. T. C. S.  While the court may appoint "any person" to conduct the social study, there is no indication that the managing conservator and the investigator should be the same except when it is an authorized agency, § 11. 12(c).

While we conceive that an attorney, doctor, or clergyman may be appointed by a court as managing conservator and, as such, exercise the same rights in adoption of the child that the parents might have exercised, it would be as parent that he would exercise those rights and he would have

them only by court order.   We do not believe that this is a traditional "private adoption."

An attorney may provide legal assistance to a parent in the exercise of the right to place a child for adoption.   However, the attorney is subject to the licensing requirements and penalties of Article 695c, as amended, if he engages in any other "child-placing activity", beyond mere legal representation,

Under the existing law children under 16 may be placed for adoption by natural parent, by a relative in some instances, or by a licensed agency. Where authorized by court order, a managing conservator stands in the shoes of the parent.   An attorney, doctor or clergyman who does not occupy one of these positions, i. e. , who is neither parent, relative, licensed nor appointed managing conservator, will now be guilty of a misdemeanor if he places a child for adoption.   Furthermore, if he assists another who is equally unauthorized he may be responsible for the acts of that other under Subchapter A of chapter 7 of the Penal Code of 1973.

## SUMMARY

Children may be placed for adoption by a natural parent, by a relative with other relatives, or by a licensed agency.   When authorized by court order, a managing conservator stands in the shoes of the parent.

An attorney may provide legal assistance to a person authorized to place a child for adoption, but is not otherwise exempt from the misdemeanor penalties for unauthorized child-placing activity, or complicity therein.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee